IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PEDRO L. RAMOS MARTINEZ, ET AL., | |
| Plaintiff, | Civil NO.   03-1408 (GAG/BJM) |
| v. | |
| JOSE R. NEGRON FERNANDEZ, ET ALS., | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case was referred to me for a report and recommendation, after hearing, on whether defendants have breached the settlement agreement by not assigning duties commensurate with plaintiff's position (Docket No. 201) as alleged in plaintiff's motion to compel. (Docket No. 195). A hearing was held on August 26, 2008; plaintiff, Pedro Ramos-Martínez ("Ramos-Martínez") testified on his own behalf, and María de los Angeles-Ortiz and Marcos Rodríguez Meléndez ("Rodríguez-Meléndez") were heard on behalf of defendants. (Docket No. 221).  The parties also submitted stipulated facts and exhibits. (Docket No. 219, 222, 223).

Further to the settlement agreement adopted in this case, Ramos-Martínez was reinstated to his job as Executive Officer II on or about July 12, 2007, in the Administration for Juvenile Institutions ("AJI").  He received the agreed-upon compensation for all back pay and/or loss of income accrued until April 30, 2007.  Plaintiff also received a job description for his position that enumerates several duties he is supposed to perform; these duties include supervisory responsibilities.  As became apparent during the hearing, plaintiff's chief complaint is that he has not been assigned supervision of the social work and teaching areas, which is listed as an "essential

Pedro L. Ramos Martínez, et al v José R. Negrón Fernández, et als                                             Page 2
Civil No. 03-1408 (GAG/BJM)
**REPORT AND RECOMMENDATION**

function" of his job description, but rather has been assigned predominantly clerical tasks. However, plaintiff's supervisor, Rodríguez-Meléndez, testified that plaintiff in fact was assigned these supervisory duties but has been unwilling or unable to perform them in spite of the fact that Rodríguez-Meléndez wants plaintiff to act as a supervisor.

Because it was apparent that both plaintiff and the defendants purportedly desired the same objective - that the plaintiff perform the supervisory functions listed in his job description - I ordered counsel for the parties to meet in person to prepare a joint work plan with the aim to ensure: (1) that plaintiff is assigned the supervisory duties listed on his job description, and (2) that plaintiff is held accountable for performing those duties. (Docket No. 220).  To this end, the parties filed a joint motion (Docket No. 225) informing and stipulating as follows:

1. On September 4, 2008, AIJ, through its Executive Director Rodríguez-Meléndez, called a staff meeting in order to discuss, *inter alia*, a work plan submitted by the plaintiff;

2. As a result of the meeting, Rodríguez-Meléndez informed all personnel that plaintiff as Executive Officer II will be in charge of supervising the Educational, Social Work, and Nurse area, and that those areas will respond to him directly;

3. Rodríguez-Meléndez further instructed the personnel from those areas that all communications and reports will go through plaintiff and after that to him;

4. Ramos-Martínez will inform Rodríguez-Meléndez directly of all relevant events that occur in those areas and Ramos-Martínez will be responsible for making sure that all norms and procedures are carried out as established by the AIJ;

Pedro L. Ramos Martínez, et al v José R. Negrón Fernández, et als          Page 3
Civil No. 03-1408 (GAG/BJM)
**REPORT AND RECOMMENDATION**

    5.    AIJ will continue to use Brendalys Saldaña for the same functions she was carrying out, which are related to institutional abuse referrals;

    6.    AIJ will assign a person to perform clerical responsibilities regarding abuse referrals;

    7.    AIJ recognizes that Ramos-Martínez will work a regular hour schedule, thus eliminating responsibility number eight from his job description.

Given the parties' agreement, I recommend that the court approve and order implemented the work plan as set forth above. Accordingly, I further recommend that the court find as moot plaintiff's motion to find that defendants have breached the settlement agreement by not assigning duties commensurate with plaintiff's position.

The parties have ten (10) business days to file any objections to this report and recommendation. See Local Rule 72(d); 28 U.S.C. § 636(b)(1). Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); see also Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

    **IT IS SO RECOMMENDED**.

In San Juan, Puerto Rico this 1st day of October, 2008.

                                  *S/Bruce J. McGiverin*
                                  BRUCE J. MCGIVERIN
                                  United States Magistrate Judge